UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JONATHAN JONES,

       Plaintiff,

v.

CITY OF CINCINNATI, *et al.*,

       Defendants.

Case No. 1:22-cv-530
JUDGE DOUGLAS R. COLE
Magistrate Judge Litkovitz

## OPINION AND ORDER

Jonathan Jones claims that the City of Cincinnati discriminated against him based on race when it refused to hire him as a Cincinnati police officer. He sued the city and various individual city employees, asserting claims under both federal law (Title VII and § 1983) and state law. (Compl., Doc. 1). Defendants have moved to dismiss. (Doc. 8).

For the reasons discussed below, the Court **GRANTS** Defendants' Motion to Dismiss (Doc. 8) and **DISMISSES** Jones's Complaint (Doc. 1) but does so **WITHOUT PREJUDICE**. Further, the Court **GRANTS** Jones thirty days to seek leave to file an Amended Complaint under Rule 15(a)(2) addressing the deficiencies set forth below and attaching that proposed Amended Complaint.

## BACKGROUND

Jones applied to become a Cincinnati police officer. (Doc. 1, #3). He met all the initial prerequisites and received a conditional acceptance onto the force. (*Id.*). But when the Ohio Department of Public Safety learned Jones had a prior arrest for

domestic violence, the state agency denied Jones access to Ohio's LEADS system—a database routinely used by police officers. (Doc. 1-1, #54). And without access to that database, the Cincinnati Police Department determined Jones could not effectively serve as a police officer. (Doc. 1-1, #82). The Department withdrew Jones's offer. (*Id.*). Jones sought review of this decision by the City of Cincinnati and its Board of Education Civil Service Commission. (Doc. 1-1, #53). Yet after a hearing, the Commission denied Jones's request to be placed back in the recruit class. (*Id.* at #83).

Jones, who is black, believes Cincinnati and its agents withdrew his offer because of his race. (Doc. 1, #3–4). Specifically, Jones claims that his domestic violence arrest should not have disqualified him and that Cincinnati improperly refused to represent him during his hearing on that issue. (*Id.* at #12–14). And Jones says a white recruit ultimately took Jones's spot. (*Id.* at #14). For comparison, Jones pointed to white recruits who were admitted to the force with help from city personnel, despite medical and psychological issues. (*Id.* at #12, 20–21). He also pointed to white active police officers who remained on the force after similar arrests for domestic violence. (*Id.* at #15). In short, Jones claims there is "a higher standard … upon the Black community to be hired" by the City. (*Id.* at #18).

Following these events, Jones lodged multiple charges of discrimination with both the Ohio Civil Rights Commission and the federal Equal Employment Opportunities Commission (EEOC). (*See* Doc. 1, #44; Doc. 1-1, #110). Eventually, Jones received a letter from the EEOC informing him of his right to sue. (Doc. 1, #44).

2

On September 15, 2022, Jones sued the City of Cincinnati, as well as Cincinnati employees Lauren Creditt Mai, Sheila Bond, and Bruce Ross, all in their official and individual capacities. (*Id.* at #1–2). Jones pursued five causes of action: (1) a violation of Title VII for racial discrimination in hiring; (2) a 42 U.S.C. § 1983 claim for a violation of the Equal Protection Clause; (3) a violation of Ohio Revised Code § 4112.02 and/or § 4112.99 for racial discrimination in hiring; (4) a violation of Ohio Revised Code § 4112.02(J) and/or § 4112.99 for aiding and abetting unlawful discrimination; and (5) a promissory estoppel claim. (*Id.* at #35–38). Jones also attached a right-to-sue letter from the EEOC purportedly authorizing his Title VII claim. (*Id.* at #44).

Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). (Doc. 8). Among their defenses, Defendants claimed that Jones attached the wrong right-to-sue letter and that, given when he received the applicable right-to-sue letter, Jones did not timely file his Title VII claim. (*Id.* at #147–50). They further argued Jones's § 1983 claim failed on statute of limitations grounds. (*Id.* at #150). The motion is now fully briefed.

## LEGAL STANDARD

As noted, Defendants have moved to dismiss Jones's Complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In resolving that motion, the Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir.

3

2008) (internal quotation marks omitted). That is so, however, only as to well-pled factual allegations. The Court need not accept "'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (brackets omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Based on the well-pled facts, the Court must determine whether Jones has plausibly alleged any of the legal claims that he asserts.

## LAW AND ANALYSIS

**A. Jones Has Not Shown He Complied With Title VII's Prefiling Requirements.**

Jones brings a claim for racial discrimination in hiring under Title VII of the Civil Rights Act of 1964. Before bringing such a claim, a plaintiff must normally exhaust administrative remedies. 42 U.S.C. § 2000e-5(f); *Williams v. Nw. Airlines, Inc.*, 53 F. App'x 350, 351 (6th Cir. 2002). To do so, a plaintiff files an administrative charge with the EEOC or another proper state or local agency. *Williams*, 53 F. App'x at 351–52. If the agency dismisses the claim and issues a right-to-sue letter, the plaintiff must then sue within ninety days. *Id.* at 352 (citing 42 U.S.C. § 2000e-5(f)(1)). And to demonstrate compliance with this scheme, a plaintiff's complaint should typically include allegations related to exhaustion and a copy of the right-to-sue letter.[1] *See, e.g.*, *Dickerson v. Assocs. Home Equity*, 13 F. App'x 323, 324 (6th Cir. 2001). Indeed, the Sixth Circuit has suggested that, to survive a motion to dismiss,

---

[1] Courts normally permit a plaintiff to briefly survive a motion to dismiss in order to submit their right-to-sue letter where they claim the letter exists but is not yet in the record. *See, e.g.*, *McQueen v. Horizon Sci. Acad. Cleveland Elem., Inc.*, No. 1:15-cv-0612, 2015 WL 9258596, at *2 (N.D. Ohio Dec. 18, 2015). This is the course the Court takes here.

4

the complaint must "conclusively show that [the plaintiff] exhausted her administrative remedies prior to filing her complaint in federal court." *Tucker v. Victor Gelb, Inc.*, No. 98-4070, 1999 WL 801544, at *1 (6th Cir. Sept. 28, 1999) (citing *Brown v. General Serv. Admin.*, 425 U.S. 820, 832 (1976)). That said, these prefiling requirements are not "jurisdictional" but conditions precedent to filing suit, and a plaintiff may receive the benefit of waiver, estoppel, or equitable tolling in limited circumstances. *Williams*, 53 F. App'x at 352; *Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1031–32 (6th Cir. 1998) (stating that all § 2000e–5(f)(1) filing prerequisites are subject to these defenses).

Jones's Title VII claim starts off on the right track. He attached to his Complaint a right-to-sue letter the EEOC issued to him on July 7, 2022. (Doc. 1, #44; Resp., Doc. 10, #173). And, as he sued on September 15, 2022, Jones seemingly filed within the requisite ninety-day period. But there is a wrinkle. Upon closer inspection, the right-to-sue letter omits the name of the respondent—i.e., the letter Jones provided along with his Complaint nowhere says *whom* he may sue. (Doc. 1, #44–45). Granted, this may not be Jones's fault. After all, he did not write the letter.

But the Court has cause to doubt the letter he attached relates to his claims here. While the letter does not name a respondent, it includes a charge number—22A-2021-01911. (*Id.* at #44). That number appears to correspond to a separate charge Jones brought against a *nonparty* to this case, the Ohio Department of Public Safety. (Doc. 1-1, #110). Perhaps supporting that inference, Jones elsewhere attaches

5

documentation suggesting his race discrimination charge against the City of Cincinnati proceeded under different charge number.[2] (Doc. 1-1, #82).

Taken together, Jones has not "conclusively shown" that he complied with 42 U.S.C. § 2000e-5(f)'s prerequisites for initiating a private civil action. The right-to-sue letter he attaches to his Complaint appears to reference a nonparty. And Jones has attached no other right-to-sue letter, let alone one naming these Defendants. Thus, based on his Complaint, there is nothing to show Jones properly exhausted his claims and timely filed suit. Finally, Jones has not requested relief from Title VII's prefiling requirements.[3] Thus, the Court dismisses Jones's Title VII claim. *See, e.g.*, *Dawson v. Local 189 United Ass'n of Plumbers & Pipefitters*, No. 2:21-cv-3478, 2022 WL 3356583 (S.D. Ohio Aug. 15, 2022) (dismissing a Title VII claim where right-to-sue letter referenced an entity other than the named defendant); *Palazzolo v. Oakwood Hosp.*, No. 10–13146, 2011 WL 2746618, at *3 (E.D. Mich. May 25, 2011), *report and recommendation adopted*, 2011 WL 2730795 (E.D. Mich. July 13, 2011).

**B.     The Facts As Alleged Show That Jones's § 1983 Claim Is Untimely.**

Next up is Jones's § 1983 claim, which Defendants assert is untimely. That is a tough argument at this stage. Because the statute of limitations is an affirmative

---

[2] Defendants have attached to their Motion to Dismiss what they purport to be Jones's correct right-to-sue letter for these Defendants. (Doc. 8-1). That letter appears to have been issued November 2, 2020, which would mean Jones's ninety days to sue these Defendants expired in 2021. (*Id.*). In any event, because Defendants moved under Rule 12(b)(6), the Court is limited to considering Jones's Complaint and its attachments to determine whether Jones timely filed his lawsuit.

[3] If Jones's Title VII claim was indeed unexhausted or untimely when filed on September 15, 2022, he should explain why his failure to comply with the prefiling requirements should be excused when seeking leave to file his Amended Complaint. *See Rivers*, 143 F.3d at 1031–32.

defense, at the pleadings stage, dismissal on timeliness grounds is appropriate only "if the allegations in the complaint affirmatively show that the claim is time-barred." *Snyder-Hill v. Ohio State Univ.*, 48 F.4th 686, 698 (6th Cir. 2022) (internal quotations omitted). Moreover, "it is the defendant's burden to show that the statute of limitations has run." *Id.* In determining whether the defendant has met that burden, the Court generally must consider: (i) the applicable statute of limitations time period, (ii) when the action accrued (and thus set that time period in motion), and (iii) whether any tolling period exists. *See, e.g.*, *Hollis v. Erdos*, 480 F. Supp. 3d 823, 829–30 (S.D. Ohio 2020).

Congress did not include a statute of limitations in the text of 42 U.S.C. § 1983. Rather, state law provides the applicable period. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). And in Ohio—where all the relevant events occurred—the applicable period is two-years. *Basista Holdings, LLC v. Ellsworth Township*, 710 F. App'x 688, 691 (6th Cir. 2017). On the other hand, federal law controls the time at which a § 1983 action accrues. *Sevier*, 742 F.2d at 272. And that accrual occurs "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* at 273.

Here, Jones alleges Defendants violated his right to equal protection under the laws. (Doc. 1-1, #87). Specifically, following a hearing before Cincinnati's Civil Service Commission on November 21, 2019, the Commission formally rescinded his conditional employment offer. (*Id.*). And in Jones's telling, the Defendants (as agents for Cincinnati) discriminated against him at that hearing. (*Id.* at #82–83; Doc. 10, #177). Thus, his alleged injury—the discriminatory hiring—occurred on that date.

7

Moreover, Jones likely had reason to know of his "injury" not long after his offer was rescinded. But even if it took Jones some time to discover the discriminatory nature of these events, Jones at the *very* latest knew of his injury on January 16, 2020. On that day, he filed a Charge of Discrimination containing these same allegations against the Cincinnati Police Department. (Doc. 1-1, #82–83). Yet he did not file his Complaint until September 15, 2022. (*See* Doc. 1).

Accordingly, Jones filed his § 1983 claim outside the limitations period. And he has made no request for equitable tolling under Ohio law. *See Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 845 (6th Cir. 2015) (applying state tolling principles to a § 1983 claim); *Roach v. Vapor Station Columbus, Inc.*, No. 21AP-511, 2022 WL 2211529, at *2 (Ohio Ct. App. June 21, 2022) (describing Ohio equitable tolling standards). The Court thus dismisses Jones's § 1983 claim.

**C.     The Court Declines To Exercise Supplemental Jurisdiction Over The State Law Claims.**

That leaves Jones's three state law claims—over which Jones says the Court should exercise supplemental jurisdiction. (Doc. 1, #4). A federal court may exercise supplemental jurisdiction over state law claims that constitute the same case or controversy as a claim over which the court has original jurisdiction. 28 U.S.C. § 1367. But a court may decline supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction." *Id.* § 1367(c)(3). "In determining whether to retain jurisdiction over state-law claims, a district court should consider and weigh several factors, including the 'values of judicial economy, convenience, fairness, and comity.'" *Gamel v. City of Cincinnati*, 625 F.3d 949, 952–

8

53 (6th Cir. 2010) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." *Id.* at 952 (quoting *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–1255 (6th Cir. 1996)).

The Court declines to maintain supplemental jurisdiction over Jones's three remaining state law claims. The Court has dismissed Jones's federal law claims on threshold grounds: a condition precedent and the statute of limitations. Accordingly, the Court dismissed all claims over which it had original jurisdiction without considering the merits of Jones's underlying factual allegations. In these circumstances, the scales of judicial economy and comity will normally tip in favor of dismissing any remaining state claims over which the Court only has supplemental jurisdiction. *See, e.g.*, *Boddie v. Barstow*, No. 2:14-cv-106, 2014 WL 2608123, at *1–2 (S.D. Ohio June 11, 2014).

**D.     The Court Grants Jones Thirty Days To Seek Leave To Amend.**

That said, Jones is proceeding pro se. As such, the Court is inclined to allow him to seek leave to amend and potentially rectify the issues so far raised, if he can. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). The Court will therefore provide Jones thirty days to seek leave to file an Amended Complaint under Rule 15(a)(2) addressing the deficiencies set forth above and attaching that proposed Amended Complaint.

Specifically, if Jones wishes to pursue his Title VII claim, he should submit a *complete* Right to Sue letter (including all pages of that letter) demonstrating that his

9

September 15, 2022, Complaint was filed within the proper ninety-day window as against these Defendants. Further, the factual allegations in his proposed Amended Complaint should state which charge number corresponds to Jones's administrative charge against these Defendants. Alternatively, Jones should explain the basis on which the Court should allow his otherwise unexhausted or untimely Title VII claim, or his untimely § 1983 claim, to proceed, for example by way of equitable tolling or another doctrine.

## CONCLUSION

For the reasons discussed, the Court **GRANTS** Defendants' Motion to Dismiss (Doc. 8) and **DISMISSES** Jones's Complaint (Doc. 1) but does so **WITHOUT PREJUDICE**. Further, the Court **GRANTS** Jones thirty days to seek leave to file an Amended Complaint under Rule 15(a)(2) addressing the deficiencies set forth above and attaching that proposed Amended Complaint. During that time, this Court retains jurisdiction over this action.

**SO ORDERED.**

April 19, 2023
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**